IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARESTA K. SANKEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:19-cv-00525-RAH-CWB |
| | ) |
| ROBERT WILKIE, DEPARTMENT OF VETERAN AFFAIRS, | ) |
| | ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Sharesta K. Sankey, who is proceeding *pro se*, filed this action on July 24, 2019 to assert a claim against Defendant Robert Wilkie in his capacity as the Secretary of the Department of Veterans Affairs. (Doc. 1). Along with the complaint, Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 2). On August 23, 2019, the court granted *in forma pauperis* status and ordered the clerk to defer service of process pending a preliminary review of the complaint pursuant to 28 U.S.C. § 1915. (Doc. 7). *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). For the reasons set out herein, the undersigned Magistrate Judge recommends that Plaintiff's complaint be dismissed without prejudice.

**I.    Analysis**

Plaintiff filed this action *pro se* using the standard "EEOC Complaint" form for claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). (Doc. 1, at ¶¶ 2, 8, 10). The core factual allegations, however, appear to be related to potential whistleblower retaliation rather than to discrimination under Title VII:

> I reported gross [mis]management to leadership, in reference to the individual named above ["John Bailey, African American, Male, Chief of /Chaplain Services"], once he found out about the report, he began to harass, make false accusations, create a hostile work environment and terminated me without proper documentation or reasonings.

(*Id*. at ¶¶ 7, 9).  In the section of the complaint entitled "Defendant(s)' conduct is discriminatory with respect to the following," Plaintiff indeed marked "Other" and wrote "Whistleblower Retaliation."  (*Id*. at ¶ 6).

Attached to the complaint is a June 25, 2019 letter to Plaintiff from the EEOC.  (Doc. 1-1).[1]  It appears from the letter that Plaintiff previously submitted a complaint to the Merit Systems Protection Board ("MSPB") arising out of the same underlying allegations.  (*Id*.).  It further appears that the MSPB dismissed Plaintiff's complaint for lack of jurisdiction.  (*Id*.).  The EEOC thus concluded that Plaintiff had not presented a "mixed case" of alleged discrimination under 29 C.F.R. § 1614.302(a)[2] and that it had no jurisdiction to consider the stated allegations.  (*Id*.).

Despite Plaintiff's use of an "EEOC Complaint" form, and even assuming *arguendo* that Plaintiff had exhausted her administrative remedies for asserting a claim of discrimination, the court concludes that the complaint does not plead a cognizable claim of discrimination under Title VII.  Regarding federal employees, 42 U.S.C. § 2000e-16(a) provides that "[a]ll personnel

---

[1] The court will consider the attachment to the complaint in determining whether Plaintiff has stated a plausible claim for relief.  *Carroll v. White*, No. 1:16CV229, 2016 WL 7238914, at *1 n.2 (M.D. Ala. Nov. 21, 2016), *report and recommendation adopted*, No. 1:16CV229, 2016 WL 7234090 (M.D. Ala. Dec. 14, 2016) (citing *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016)); Fed. R. Civ. P. 10(c).

[2] A mixed case "is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 C.F.R. § 1614.302(a)(1). The mixed case complaint may either "contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address." *Id*.

2

actions affecting employees or applicants for employment . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). "This provision extends to federal employees the same protections against discrimination and retaliation that are provided to private-sector employees." *Gilliam v. U.S. Dep't of Veterans Affs.*, 822 F. App'x 985, 989 (11th Cir. 2020). Nowhere in the complaint, however, does Plaintiff allege that she was discriminated against based upon her race, color, religion, sex, or national origin—or that she was retaliated against for complaining about such forms of discrimination. The complaint therefore fails to state a claim under Title VII upon which relief any relief can be granted. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).") (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (observing that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015).

      The gravamen of Plaintiff's complaint instead is the allegation that she was retaliated against (via a hostile work environment and ultimate termination) after making accusations of "gross mismanagement," and Plaintiff specifically identifies "whistleblower retaliation" as the underlying wrongful conduct. (Doc. 1, at ¶¶ 6, 7, 9). "The [Whistleblower Protection Act ("WPA")] provides protection to federal employees against agency reprisal for whistleblowing activities, such as disclosing illegal conduct, <u>gross mismanagement</u>, gross waste of funds, or acts presenting substantial dangers to health and safety." *Hendrix v. Snow*, 170 F. App'x 68, 78 (11th Cir. 2006) (emphasis added); *see* 5 U.S.C. § 2302(b)(8). To establish a *prima facie* case of reprisal for whistleblowing, a plaintiff has "the burden to establish (1) the acting official had the authority

to take any personnel action; (2) the aggrieved employee made a protected disclosure; (3) the acting official used his authority to take, or refuse to take, a personnel action; and (4) the protected disclosure was a contributing factor in the agency's personnel action." *Abrahamsen v. United States Dep't of Veterans Affs.*, No. 20-14771, 2021 WL 5321678, at *3 (11th Cir. Nov. 16, 2021), *cert. denied sub nom. Abrahamsen v. Dep't of Veterans Affs.*, 142 S. Ct. 1418 (2022).

It is unclear from the record whether Plaintiff asserted a whistleblower claim with the MSPB—although the MSPB's dismissal for lack of jurisdiction suggests that she did not. The court therefore cannot determine whether Plaintiff has exhausted her administrative remedies prior to seeking judicial review. What is clear, however, is that jurisdiction over such review does not lie in this court. Pursuant to federal statute, claims for reprisal for whistleblowing "shall be filed in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction." 5 U.S.C. § 7703(b)(1)(B). As observed by the Eleventh Circuit Court of Appeals, "[t]he district courts are clearly omitted from this grant of jurisdiction." *Boyd v. United States Dept. of Veterans Affairs*, 808 F. App'x 1015, 1016 (11th Cir. 2020). Because federal courts are courts of limited jurisdiction and may only hear cases as specifically authorized, *see Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), this court would lack jurisdiction over a WPA claim even if Plaintiff's "EEOC Complaint" were construed to state a claim in that regard. Such a lack of jurisdiction renders the claim "frivolous" for purposes of review under § 1915. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989).

### III. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.³

It is further ORDERED that, by August 25, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of August 2022.

/s/ CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

³ Courts may dismiss a *pro se* complaint without affording an opportunity to amend when, as here, it is clear that a potential amendment would be futile. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir.2001) ("A district court need not, however, allow an amendment … where amendment would be futile."); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).